AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER PAUL PARISIAN | Case No. 1:16-cr-2006-EFS-4<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, and recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of such motions filed by defendants, IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.  Defendant's Motion, **ECF No. 916**, is **DENIED**.
  ☒ FACTORS CONSIDERED (Optional—See bottom of next page.)

3

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:   December 7, 2022

*Edward F. Shea*
UNITED STATES DISTRICT JUDGE

FACTORS CONSIDERED (Optional—Continued):

Defendant, who is projected by BOP to be released on April 18, 2024, requests to reduce his 108-month sentence by about 17 months. Recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of § 3582(c)(1)(A) motions filed by defendants, the Court makes the following findings:

**Defendant's Age & Health**. Defendant is 39 years old. Since a car accident in 1998, Defendant has been a paraplegic, who ambulates with the assistance of a wheelchair, and suffers from anxiety and depression. Defendant maintains that he has weak lungs, multiple brain injuries, a weak immune system, and that his blood doesn't get proper circulation. BOP records indicate that Defendant has been receiving consistent medical care upon request, has been in good health absent treatment for transitory ailments, he declined a COVID-19 vaccination in April 2021, was vaccinated for COVID-19 in July and August 2021, recovered from a COVID-19 infection in January 2022, and was vaccinated for COVID-19 in March 2022. Defendant has not shown that his medical conditions can be better treated in a community setting as compared to BOP.

**COVID at Facility**. Defendant is housed at Beaumont Medium FCI. According to the BOP's website, FCI Beaumont Medium currently has 1 positive inmate case and no positive staff cases of COVID-19. *See COVID-19 Coronavirus*, BOP, **https://www.bop.gov/coronavirus/index.jsp#** (last visited Dec. 1, 2022). This weighs against finding the requested reduction is warranted.

**Section 3553(a) Factors**. The Court has considered the nature and circumstances of Defendant's offense, his history and characteristics, the kinds of sentences available, and the kinds of sentence and the sentencing range established by the Guidelines. The Court has also considered all the other applicable § 3553(a) factors and finds that the requested reduction would undermine the objectives and purposes of Defendant's sentence, particularly its need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from defendant, avoid unwarranted sentence disparities, and provide Defendant with medical treatment in the most effective manner. During sentencing, the Court already considered the reasons relied on now by Defendant--other than the presence of COVID-19--as a basis for a sentencing reduction and imposed a sentence well below the applicable Guideline Range based on the § 3553(a) factors. A refreshed look at the § 3553(a) factors does not support altering the sentence. Moreover, the BOP record reflects that Defendant used drugs and possessed a hazardous tool while in BOP custody.

**Decision**. Upon due consideration, the Court finds that Defendant has not met his burden by showing that extraordinary and compelling reasons warrant such a reduction.