PROB 12C
(6/16)

Report Date:  September 5, 2025

# United States District Court

**for the**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Sep 05, 2025**

SEAN F. McAVOY, CLERK

## Eastern District of Washington

## AMENDED Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Christopher Paul Parisian        Case Number: 0980 1:16CR02006-EFS-4

Address of Offender: ██████████████████ Spokane, Washington 99224

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: December 12, 2017

Original Offense:       Conspiracy to Distribute Methamphetamine, 21 U.S.C. §§ 841 and 846 (b)(1)(A)

Original Sentence:      Prison - 108 months          Type of Supervision: Supervised Release
                        TSR - 60 months

Asst. U.S. Attorney:    Alison Gregoire              Date Supervision Commenced: April 19, 2023

Defense Attorney:       Adrien Lindsey Fox           Date Supervision Expires: April 18, 2028

---

## PETITIONING THE COURT

To quash the warrant previously issued in this matter on 09/04/25, to issue a summons and to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 11/14/2023, 03/07/2025, 03/26/2025, 07/02/2025, 07/10/2025,  07/28/2025 and 8/6/2025.

On  April 25, 2023, a U.S. probation officer reviewed Mr. Parisian's conditions of supervised  release with him. He signed his judgment acknowledging his understanding of his conditions of supervision.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 16 | **Special Condition #2**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |
| | On August 14, 2025, an initial appearance was held before the United States Magistrate Judge. The defendant was ordered released on the previously imposed conditions of supervised release pending the revocation hearing. Said conditions are further expressly reimposed under 18 U.S.C. § 3142(c), pursuant to this Court's authority to grant pre-revocation hearing release under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1). Defendant shall also be subject to following additional condition: Defendant shall successfully complete inpatient substance abuse treatment. If Defendant is |

Prob12C
**Re: Parisian, Christopher Paul**
**September 5, 2025**
**Page 2**

unsuccessfully discharged from inpatient substance abuse treatment, Defendant shall immediately report to U.S. Marshal.

**Supporting Evidence**: It is alleged that Christopher Parisian violated the terms of his supervised release by failing to complete inpatient treatment on or about September 2, 2025.

On August 4, 2025, Mr. Parisian entered inpatient treatment at Sun Ray Court, in Spokane, Washington. He was previously scheduled to appear for an initial appearance on August 14, 2025. The Court granted his appearance via Zoom to allow him to continue in inpatient treatment. The Court then ordered him to successfully complete inpatient treatment.

On September 2, 2025, Sun Ray Court contacted the undersigned officer. They advised that Mr. Parisian was being unsuccessfully terminated from their program. It was advised that he was given a chance to remain in the facility after he was found to have consumed marijuana during his stay there. It was then learned that Mr. Parisian was in possession of a cellular phone, an item prohibited by their rules. It was reported that Mr. Parisian allowed another client to utilize his phone to call another individual and threaten them.

After this was discovered, Mr. Parisian was terminated from the program. Sun Ray Court staff also noted that Mr. Parisian struggled to program appropriately while participating in treatment. He was noted to procrastinate on his programming requirements and sleep during group sessions.

17        **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Christopher Parisian violated the terms of his supervised release by consuming a controlled substance, marijuana, on or about August 23, 2025.

On September 2, 2025, Sun Ray Court contacted the undersigned officer. They advised that Mr. Parisian was being unsuccessfully terminated from their program. It was reported that he was given a chance to remain in the facility after he was found to have consumed marijuana during his stay there, however, it was later learned that Mr. Parisian was in possession of a cellular phone, an item prohibited by their rules. It was reported that Mr. Parisian allowed another client to utilize his phone to call another individual and threaten them. After this was discovered, Mr. Parisian was terminated from the program.

On September 3, 2025, Mr. Parisian reported to the probation office. He admitted to consuming marijuana while at Sun Ray Court. He signed a drug use admission form indicating he consumed marijuana on or about August 23, 2025.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, to quash the warrant previously issued in this matter on 09/04/25, and to issue a summons.

Prob12C

**Re: Parisian, Christopher Paul**
**September 5, 2025**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    09/05/2025
_____

s/Melissa Hanson
_____

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ]     No Action
[ ]     The Issuance of a Warrant
[X]    The Issuance of a Summons
[X]    The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]     Defendant to appear before the Judge assigned to the case.
[X]    Defendant to appear before the Magistrate Judge.
[ X]   Other : To Quash the warrant issued on 9/4/2025

_Edward F. Shea_
_____

Signature of Judicial Officer

September 5, 2025
_____

Date